IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:10-CR-16-BO-2
NO. 2:15-CV-29-BO

| | |
|---|---|
| DWAYNE ALEX MCCASKEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to vacate, amend, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss. For the reasons discussed below, petitioner's § 2255 motion is dismissed.

## BACKGROUND

On January 6, 2011, petitioner pled guilty to one count of a drug conspiracy in violation of 21 U.S.C. § 846 (Count 1s) and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and 924 (Count 15s). [DE 112]. On June 1, 2011, petitioner was sentenced to 262 months on Count 1s and 120 months on Count 15s to run concurrent. [DE 135]. Petitioner noticed a direct appeal, and his appeal was dismissed. [DE 198]. On December 3, 2012, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [DE 210]. This petition was dismissed, a certificate of appealability was granted, and the dismissal was affirmed on appeal. [DE 254, 286].

On August 31, 2015, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255 challenging his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). [DE 298].

The government moved to dismiss. [DE 301]. The Court appointed the Office of the Federal Public Defender (FPD) to assess petitioner's *Johnson* claim(s) pursuant to Eastern District of North Carolina Standing Order 15-SO-2. [DE 308]. The FPD later notified the Court it did not intend to present any *Johnson* motions and moved to withdraw, which the Court allowed. [DE 310, 311]. On June 6, 2016, petitioner filed a motion to amend, seeking the Court to clarify whether two Fourth Circuit cases applied to his case. [DE 312].

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive habeas petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Because the instant motion attacks the same conviction and sentence as was earlier challenged by the prior motion to vacate, and that motion was dismissed on the merits, the instant motion to vacate is second or successive and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *Winestock,* 340 F.3d. at 207.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse

2

to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, because the Court is without jurisdiction to consider petitioner's § 2255 motion, the government's motion to dismiss [DE 301] is GRANTED, and petitioner's motion to vacate [DE 298] is DISMISSED as second or successive. Petitioner's motion to amend is DENIED AS MOOT. [DE 312]. A certificate of appealability is DENIED.

SO ORDERED, this 25 day of July, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3